UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEMAR DWAIN SILBURN,

              Petitioner,

    v.

PAMELA BONDI, et al.,

              Respondents.

C26-0377 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 3, and a motion to defer filing fee, docket no. 5. The motion to defer filing fee, docket no. 5, is treated as motion for extension, and it is STRICKEN as moot; the requisite $5 fee was received on February 20, 2026.  By Order entered on the same day, respondents Pamela Bondi, United States Attorney General, Kristi Noem, Secretary of the U.S. Department of Homeland Security ("DHS"), Laura Hermosillo, Acting Seattle Field Office Director, U.S. Immigration and Customs Enforcement ("ICE"), and Bruce Scott, Warden of the Northwest ICE Processing Center ("NWIPC") were directed to show cause by March 6, 2026, why a writ of habeas corpus should not be granted.  _See_ Order (docket no. 4).  No habeas return was filed by the deadline set by the Court, and no motion for extension has been submitted.

ORDER - 1

Petitioner Kemar Dwain Silburn has declared under penalty of perjury that he entered the United States on a tourist visa in October 2009 and has remained in the country since that time.  Pet. at 3 (docket no. 3).  Petitioner has not indicated his citizenship.  He has represented to the Court that he is married to a United States citizen, the couple has a child born in late 2010, and they live in Florida.  *Id.*  Petitioner admits that he has been arrested and placed on probation for possession and/or use of marijuana.  *See* *id.* at 3–4.  He tested positive via urinalysis for tetrahydrocannabinol (THC) in January 2025, was sanctioned to 45 days in county jail, and after serving his term, was detained by ICE and transported to the NWIPC in April 2025.  *Id.* at 4.  To the extent that petitioner contends he was entitled to a pre-deprivation hearing before being taken into ICE custody, his habeas petition lacks merit.  To the extent, however, that petitioner asserts he is entitled to a bond hearing before an immigration judge, the Court agrees, particularly in light of respondents' failure to show cause otherwise.

For the foregoing reasons, the Court ORDERS:

(1)     The petition for a writ of habeas corpus, docket no. 3, is GRANTED as follows.  Within fourteen (14) days of the date of this Order, petitioner Kemar Dwain Silburn shall be provided a bond hearing under 8 U.S.C. § 1226(a) or released from custody at the NWIPC;

(2)     The Court retains jurisdiction to ensure compliance with the conditional writ of habeas corpus, and petitioner may seek further relief from the Court if DHS or ICE fails to comply with this Order;

ORDER - 2

(3)    Within twenty-one (21) days of the date of this Order, respondent shall (i) file a status report indicating petitioner's custodial status, and (ii) provide copies of any related orders and/or transcripts of oral rulings issued by an immigration judge; and

(4)    The Clerk is directed to send a copy of this Order to all counsel of record and to petitioner pro se.

IT IS SO ORDERED.

Dated this 10th day of March, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 3